| | |
|---|---|
| 1 | D. EDWARD HAYS, #162507 |
| | ehays@marshackhays.com |
| 2 | LAILA MASUD, #311731 |
| | lmasud@marshackhays.com |
| 3 | MARSHACK HAYS LLP |
| | 870 Roosevelt |
| 4 | Irvine, CA 92620 |
| | Telephone: (949) 333-7777 |
| 5 | Facsimile: (949) 333-7778 |
| 6 | Attorneys for Plaintiff and Chapter 7 Trustee, |
| | JERRY NAMBA |

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION

| | |
|---|---|
| In re | Case No. 9:20-bk-11123-RC |
| PETER JAMES COMPTON., | Chapter 7 |
| Debtor. | Adv. No. |
| JERRY NAMBA, Chapter 7 Trustee, | COMPLAINT FOR: |
| Plaintiff, | (1) AVOIDANCE, PRESERVATION, AND RECOVERY OF ACTUAL FRAUDULENT TRANSFER [11 U.S.C. §§ 544, 550, 551; CAL. CIV. CODE §§ 3439.04, 3439.07] |
| v. | (2) AVOIDANCE, PRESERVATION, AND RECOVERY OF CONSTRUCTIVE FRAUDULENT TRANSFER [11 U.S.C. §§ 544, 550, 551; CAL. CIV. CODE §§ 3439.05 AND 3439.07] |
| COASTAL ANGUS FARMS, INC. and KATE COMPTON, | (3) AVOIDANCE, PRESERVATION, AND RECOVERY OF ACTUAL FRAUDULENT TRANSFER [11 U.S.C. §§ 548(A)(1)(A), 550 AND 551] |
| Defendants. | (4) AVOIDANCE, PRESERVATION, AND RECOVERY OF CONSTRUCTIVE FRAUDULENT TRANSFER [11 U.S.C. §§ 548(A)(1)(B), 550 AND 551] |
| | (5) DECLARATORY RELIEF [11 U.S.C. §§ 541(a) AND 542] |
| | [STATUS CONFERENCE TO BE SET BY COURT] |

1
COMPLAINT

Jerry Namba, solely in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Peter James Compton ("Debtor"), files this complaint against Coastal Angus Farms, Inc. ("Coastal") and Kate Compton ("Kate") (collectively, "Defendants"), and alleges as follows:

## Statement of the Case

1. A bankruptcy trustee can avoid a debtor's fraudulent transfer of property. In this case, Trustee alleges that Debtor transferred his cattle operations, cattle, and equipment to Coastal and/or his daughter, Kate. Trustee alleges that these transfers were actually and constructively fraudulent. To the extent that either defendant is a subsequent transferee, they did not receive the Transfers for value, in good faith, and without knowledge of their avoidability.

## Statement of Jurisdiction and Venue

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to the bankruptcy case pending in the United States Bankruptcy Court for the Central District of California, Northern Division, entitled *In re Peter James Compton*, Bankruptcy Case Number 9:20-bk-11123-RC.

3. Plaintiff, as the Chapter 7 Trustee of the Debtor's bankruptcy Estate, has standing to bring this adversary proceeding on behalf of the Estate pursuant to 11 U.S.C. § 323.

4. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (E), (H), and (O), and this Court has Constitutional authority to enter a final judgment on these claims. To the extent any claim for relief contained herein is determined not to be a non-core proceeding or a *Stern*-claim, Plaintiff consents to the entry of final judgment and orders by the Bankruptcy Court.

5. Venue properly lies in the Central District of California in that this adversary proceeding arises in or is related to a case under Title 11 of the United State Code as provided in 28 U.S.C. §§ 1408 and 1409.

/ / /

/ / /

**Parties**

6. Plaintiff is the duly-appointed, qualified, and acting Chapter 7 Trustee for the Debtor's bankruptcy estate.

7. Plaintiff alleges that Debtor is an individual and filed a voluntary petition under Chapter 7 of Title 11 of the United States Code on September 14, 2020. Plaintiff alleges that, at all relevant times, Debtor is and was an individual residing in the State of California.

8. Plaintiff alleges that Coastal was once a corporation organized under the laws of the State of California.

9. Plaintiff alleges that Kate is an individual residing in the State of California.

**General Allegations**

10. Plaintiff alleges that Debtor filed Articles of Incorporation to form Coastal Angus Farms, Inc. with the Secretary of State on October 20, 1998.

11. Plaintiff alleges that Debtor was listed as the agent for service of process at the following address: 850 Riata Lane, Nipomo, California 93444.

12. Plaintiff alleges that Coastal filed a Certificate of Dissolution with the California Secretary of State on March 15, 2005.

13. Plaintiff alleges that, despite the Certificate of Dissolution, Coastal recently obtained an insurance policy from the Oregon Mutual Insurance Group. Plaintiff alleges that the Insurance Policy describes Coastal's business as "Cattle Operation" and covers the policy period from November 6, 2020, to November 6, 2021. Plaintiff alleges that Coastal lists its address on the Insurance Policy at the following address: 850 Riata Lane, Nipomo, California 93444.

14. Plaintiff alleges that the San Luis Obispo County Superior Court entered a stipulated judgment effectuating a marital settlement agreement ("Stipulated Judgment") between Debtor and his ex-spouse, Lynn Compton, on June 7, 2019. Plaintiff alleges that the Stipulated Judgment provided that Lynn Compton transferred, assigned, confirmed, and released all community property interests in cattle and equipment to Debtor as his sole and separate property.

15. Debtor's schedules fail to disclose any interest in cattle or related equipment.

16. Plaintiff alleges that Valley Farm Supply, Inc. ("Valley Farm Supply") is a corporation organized under the laws of the State of California. Valley Farm Supply's principal place of business is 1124 Tama Lane, Santa Maria, CA 93455.

17. Plaintiff alleges that Valley Farm Supply's profit and loss statement from January through December 2020 lists gains from the disposition of two bulls, two heifers, five replacement heifers, and additional bulls.

18. Plaintiff alleges that Grace Breuer ("Ms. Breuer") was deposed by Nutrien Ag Solutions, Inc. on March 24, 2022. Plaintiff alleges that Ms. Breuer testified that Debtor owned twenty-four heads of cattle.

19. Plaintiff alleges that Debtor was deposed by Nutrien Ag Solutions, Inc. on June 10, 2022. Plaintiff alleges that Debtor testified at the deposition that Kate owns his cattle business and has "been in charge of those cattle forever." Plaintiff further testified that he listed the cattle as an asset on the tax returns for Valley Farm Supply.

20. On September 14, 2020, Debtor filed a voluntary petition under Chapter 7 of Title 11 ("Petition Date").

21. On the same day, Sandra McBeth was appointed as Chapter 7 Trustee of the Estate. On September 15, 2020, Sandra McBeth filed a notice of non-acceptance of appointment. On September 18, 2020, Plaintiff was appointed as Chapter 7 Trustee of the Estate.

22. Plaintiff alleges that Debtor's Schedules A/B failed to list any interest in cattle and equipment.

23. Plaintiff alleges that, in response to Question 46 in Schedule A/B, which asks whether Debtor has any legal or equitable interest in any farm- or commercial fishing-related property, Debtor checked the "No" box.

24. Plaintiff alleges that Debtor's Schedules and Statement of Financial Affairs fail to include any disclosure of transfers of the cattle to Coastal or Kate.

25. In late June 2022, Trustee's counsel was notified by a creditor of Debtor's possible undisclosed interest in, or transfer of, cattle and equipment.

26. Since that time, Plaintiff's counsel has repeatedly requested information from Debtor regarding the cattle and equipment but no substantive responses have been provided.

27. On September 8, 2022, Plaintiff filed a Motion for Order Extending Time to File Actions under 11 U.S.C. §§ 108, 546(a), and 549(d) ("Motion") and the Application for Order Setting Hearing on Shortened Notice re: Trustee's Motion for Order Extending Time to File Actions Under 11 U.S.C. §§ 108, 546(a), and 549(d) ("Application for OST").

28. On September 9, 2022, the Court entered an order granting the Application for OST.

29. On September 13, 2022, the Court denied the Motion.

30. Based on the limited information acquired by Plaintiff to date, he alleges that Debtor owns the beneficial interest in, or transferred, the cattle, cattle operations, and equipment ("Property") purportedly owned by Coastal and/or Kate ("Transfers").

31. Because Coastal was dissolved in 2005, its operations constitute a fictitious business name under which Debtor is operating. As such, all assets of Coastal constitute property of the bankruptcy estate.

32. To the extent that the Transfers did not occur and Debtor remains the beneficial owner of Coastal and its Property, such Property constitutes property of the bankruptcy estate that must be turned over to Trustee.

33. To the extent that transfers were made to either Defendant including the Transfers, they constitute "transfers" of Debtor's interest in property as that term is defined in 11 U.S.C. § 101(54).

34. Plaintiff alleges that, at the time of the Transfers, Debtor was indebted to various creditors that held a claim against the Debtor on the date of the Transfers and on the Petition Date.

35. Plaintiff alleges that Debtor received nothing of value whatsoever from any entity in exchange for or in connection with the Transfers of his Property.

36. Plaintiff alleges that the Transfers caused general harm to creditors of the Debtor and did not create any damage particular to any of Debtor's creditors.

37. Plaintiff alleges that Defendants did not receive the Transfers in good faith, for value, and without knowledge of their avoidability.

38.     Under 11 U.S.C. § 550(a), Plaintiff is entitled to recover the Property or the Transfers from Defendants, or the value, from the initial transferee *and* any subsequent transferee.

# FIRST CLAIM FOR RELIEF

# AVOIDANCE, RECOVERY, AND PRESERVATION OF ACTUAL FRAUDULENT TRANSFER

# [11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code §§ 3439.04, 3439.07]

39.     Plaintiff incorporates by reference Paragraphs 1 through 38 and realleges these paragraphs as though set forth in full.

40.     Plaintiff may avoid transfers of an interest of Debtor which are avoidable under applicable law by an unsecured creditor of Debtor, including under California Civil Code § 3439.04.

41.     The Transfers were of property in which Debtor had an interest.

42.     The Transfers were made within four years of the Petition Date.

43.     The Property transferred by Debtor to Defendants were made with the actual intent to hinder, delay, or defraud creditors.

44.     Debtor received nothing of value in exchange for the Property transferred by Defendants. Debtor did not receive reasonably equivalent value in exchange for the Transfers.

45.     The Transfers were made at a time when Debtor was insolvent and/or rendered insolvent by virtue of said transfers.

46.     All the detriment of the Transfers accrued to Debtor, and Debtor received no direct or indirect benefit.

47.     Based on the foregoing, Plaintiff may avoid the Transfers pursuant to 11 U.S.C. § 544 and California Civil Code § 3439.04.

48.     Based on the foregoing, Plaintiff may recover and preserve the Transfers for the benefit of the Estate pursuant to 11 U.S.C. §§ 550 and 551, and Cal. Civ. Code § 3439.07.

///

///

6
COMPLAINT

## SECOND CLAIM FOR RELIEF

## AVOIDANCE, RECOVERY, AND PRESERVATION OF CONSTRUCTIVE FRAUDULENT TRANSFER

**[11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code §§ 3439.05 and 3439.07]**

49. Plaintiff hereby incorporates by reference Paragraphs 1 through 48 and realleges these paragraphs as though set forth in full herein.

50. Plaintiff may avoid transfers of an interest of Debtor which are avoidable under applicable law by an unsecured creditor of Debtor, including under California Civil Code § 3439.05.

51. Debtor did not receive reasonably equivalent value in exchange for the Property transferred from Debtor to Defendants.

52. At the time of the Transfers, Debtor was insolvent or became insolvent as a result of such transfers.

53. Based on the foregoing, Plaintiff may avoid the transfer from Debtor to Defendant Breuer under 11 U.S.C. § 544 and California Civil Code § 3439.05.

54. Based on the foregoing, Plaintiff may recover and preserve the transfers for the benefit of the Estate under 11 U.S.C. §§ 550 and 551, and Cal. Civ. Code § 3439.07.

## THIRD CLAIM FOR RELIEF

## AVOIDANCE, RECOVERY, AND PRESERVATION OF ACTUAL FRAUDULENT TRANSFER

**[11 U.S.C. §§ 548(a)(1)(A), 550 & 551]**

55. Plaintiff hereby incorporates by reference Paragraphs 1 through 54 and realleges these paragraphs as though set forth in full herein.

56. The Transfers were made within two years of the Petition Date.

57. The transfers of Property from Debtor to Defendant were made with the actual intent to hinder, delay, or defraud Debtor's creditors.

58. Based on the foregoing, Plaintiff may avoid the Transfers from Debtor to Defendant as actual fraudulent transfers under 11 U.S.C. § 548(a)(1)(A).

59. Based on the foregoing, Plaintiff may recover and preserve the avoided transfers up to

the amount of the Transfers for the benefit of the Estate under 11 U.S.C. §§ 550 and 551.

## FOURTH CLAIM FOR RELIEF
## AVOIDANCE, RECOVERY, AND PRESERVATION OF CONSTRUCTIVE FRAUDULENT TRANSFER
## [11 U.S.C. §§ 548(a)(1)(B), 550 & 551]

60. Plaintiff hereby incorporates by reference Paragraphs 1 through 59 and realleges these paragraphs as though set forth in full herein.

61. The Transfers were made within two years before the Petition Date.

62. Debtor, having received no value in exchange for the transfers of its Property to Defendant, did not receive reasonably equivalent value in exchange for the Transfers.

63. At the time of the Transfers, Debtor was insolvent or became insolvent as a result of such transfers.

64. At the time of the Transfers, Debtor believed that he was about to incur debts that may have been beyond his ability to pay.

65. The Transfers were made for the benefit of Defendants.

66. Based on the foregoing, Plaintiff may avoid the Transfers under 11 U.S.C. § 548(a)(1)(B).

67. Based on the foregoing, Plaintiff may recover and preserve the avoided Transfers from Defendant for the benefit of the Estate under 11 U.S.C. §§ 550 and 551.

## FIFTH CLAIM FOR RELIEF
## DECLARATORY RELIEF AND TURNOVER
## [11 U.S.C. §§ 541(a) and 542]

68. Plaintiff hereby incorporates by reference Paragraphs 1 through 67 and realleges these paragraphs as though set forth in full herein.

69. Under 11 U.S.C. § 541(a)(1), a bankruptcy estate is comprised of all legal and equitable interests of the debtor in property, wherever located, as of the commencement of the case. *United States v. Whiting Pools*, 462 U.S. 198, 103 S. Ct. 2309 (1983).

70. Debtor is the equitable owner of Coastal and all property purportedly owned by Coastal.

71. All property under the possession or control of Defendants but in which Debtor retained an equitable interest constitute property of the Estate under 11 U.S.C. § 541(a).

72. Debtor had a legal and beneficial interest in the Property on the Petition Date and that Property is property of the Estate under 11 U.S.C. § 541(a).

73. The Property entrusted by Debtor to Coastal and Kate constitutes property of the Estate.

74. Trustee alleges that Coastal and Kate dispute the estate's ownership and interest in property received from Debtor including the Property. Declaratory relief thus is necessary to resolve the competing claims.

75. To the extent Defendants were in possession of property of the estate at any time during the pendency of Debtor's bankruptcy case, such property must be ordered turned over without regard to whether Defendants are currently in possession of such property.

76. Under 11 U.S.C. § 542, all property of the estate must be turned over to Plaintiff.

Prayer

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

### On the First Claim for Relief

1. That all transfers be avoided under 11 U.S.C. § 544 and Cal. Civ. Code § 3439.04 and § 3439.07.

2. That Plaintiff recover for the Estate all avoided transfers pursuant to 11 U.S.C. § 550.

### On the Second Claim for Relief

3. That the Transfers be avoided under 11 U.S.C. § 544 and Cal. Civ. Code § 3439.05 and § 3439.07.

4. That Plaintiff recover for the Estate the Transfers pursuant to 11 U.S.C. § 550.

### On the Third Claim for Relief

5. That the Transfers be avoided under 11 U.S.C. § 548(a)(1)(A).

6. That Plaintiff recover for the Estate the Transfers pursuant to 11 U.S.C. § 550.

### On the Fourth Claim for Relief

7. That the Transfers be avoided under 11 U.S.C. § 548(a)(1)(B).

8. That Plaintiff recover for the Estate the Transfers pursuant to 11 U.S.C. § 550.

### On the Fifth Claim for Relief

9. That judgment be entered declaring all property under the possession or control of Defendants but in which Debtor retained the equitable interest to constitute property of the bankruptcy estate.

10. That judgment be entered order the turnover to Trustee of all estate property.

### On All Claims for Relief

11. That Plaintiff only recover all avoided Transfers under 11 U.S.C. § 550(d).

12. That all avoided Transfers be preserved pursuant to 11 U.S.C. § 551.

13. For pre-judgment interest at the maximum rate allowed by law.

14. For costs incurred by Plaintiff in prosecuting this action, and

15. For such other and further relief as the Court may deem just and proper.

DATED: September 13, 2022         MARSHACK HAYS LLP

By: */s/ D. Edward Hays*
    D. EDWARD HAYS
    LAILA MASUD
    Attorneys for Plaintiff and Chapter 7 Trustee,
    JERRY NAMBA